RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/24/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RAYFIELD DAVIS  DOCKET NO. 10-CV-1920; SEC. P
LA. DOC. #318030

VERSUS  JUDGE DEE D. DRELL

JAMES LEBLANC, ET AL.  MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION TO DISMISS CERTAIN DEFENDANTS

Pro se Plaintiff Rayfield Davis filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 27, 2010. He was granted leave to proceed in forma pauperis on January 19, 2011. [Doc. #5] Plaintiff filed a supplemental/amending complaint on March 21, 2011, pursuant to court order. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("LDOC"), and he is incarcerated at the Avoyelles Correctional Center ("AVC") in Cottonport, Louisiana. Plaintiff names as defendants James LeBlanc, Lynn Cooper, Clyde Benson, Paul Gaspard, James Cooper, Robert Ewing, Captain John Doe, Ronnie Howard, and Sergeant Ducote. He claims that the defendants violated his constitutional rights by failing to protect him from harm inflicted by another inmate.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Plaintiff alleges that, on September 8, 2010, he was viciously attacked by an inmate with an illegal weapon. Plaintiff was

stabbed several times before a third inmate intervened. The third inmate was stabbed, as well. Sgt. Ducote, who was the tier sergeant, was at his station sleeping at the time of the attack. Two offenders walked right by Ducote and entered the B1 tier where Plaintiff lived.

The assailants were able to walk right up to Plaintiff because Master Sergant Howard and Sergeant Ducote opened and left open the tier doors to Plaintiff's housing tier. Plaintiff states that it has long been the policy of the defendants to open the bars to the tiers at 10:30 p.m. He claims that this policy, which was created by Defendant Lynn Cooper, is in violation of DOC rules and is an obvious danger to the inmates.

### Law and Analysis

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates. Farmer v. Brennan, 511 U.S. 825 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Prisons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another. Id. at 858. However, being violently assaulted in prison is simply not a part of the penalty that criminal offenders pay for their offenses against

society. Id. at 834.

For an inmate to succeed on a claim based on a failure to prevent harm, he must show that (1) he was incarcerated under conditions posing a substantial risk of serious harm, and (2) the prison official was "deliberately indifferent" to his health or safety. Deliberate indifference is a subjective test and it must be shown that the official actually knew of the risk of harm to the inmate. It is insufficient to show solely that the official should have known of the risk. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference. Id.

Additionally, it is well-settled law that supervisory personnel cannot be held vicariously liable under §1983 for the acts of their subordinates under the theory of respondeat superior. See Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978). Rather, to state a valid claim against a supervisory official, a plaintiff must plead that each Government official, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (U.S. 2009). A plaintiff must establish a causal connection between the acts or omissions of the defendant and the resulting constitutional deprivation. See e.g., Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995)(per curiam); Reimer v. Smith, 663 F.2d 1316, 1323 (5th Cir. 1981).

Plaintiff claims that the defendants at AVC failed to follow DOC policy, and that they implemented their own policy of leaving the doors to the various tiers open during the night. Although he claims several defendants are liable, the one that he alleges created and implemented the policy is Warden Lynn Cooper. He claims that Ducote left the doors open and failed to monitor who entered and exited the tier in the night.

As for the DOC secretary, even if the AVC officials failed to follow or implement DOC rules, the secretary cannot be found liable for their failure. See Monell v. New York City Dept. of Social Servs. 436 U.S 658, 694 (1978).

Plaintiff has not alleged, with respect to the incident, personal involvement or the creation unconstitutional policies by supervisors Clyde Benson, Paul Gaspard, James Cooper, Robert Ewing, Doe, Howard, or James LeBlanc. The claims against these various supervisors should be dismissed.

Plaintiff's claim will be served on the warden and Ducote.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as failing to state a claim upon which relief may be granted against the following defendants: **Clyde Benson, Paul Gaspard, James Cooper, Robert Ewing, Ronnie Howard, Officer Doe, and James LeBlanc.** Plaintiff's case will be served on Warden Lynn Cooper and Officer

Ducote.

Under the provisions of Title 28, Section 636(b)(1)(c) of the United States Code and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this ____ day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE