RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/18/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RAYFIELD DAVIS,<br>         Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV10-01920 |
| VERSUS | |
| JAMES LEBLANC, et al.,<br>         Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Rayfield Davis ("Davis") on December 27, 2010 and amended on March 21, 2011 (Doc. 7). The remaining defendants are Warden Lynn Cooper, warden of the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana, sued in his individual capacity, and Sgt. Alex Ducote ("Ducote"), a correctional officer employed at ACC.[1]

Davis alleges that, on September 8, 2010, at about 11:30 p.m., while he was confined in ACC, he was attacked and stabbed by two other inmates who were armed with a dangerous weapon. Davis contends defendants failed to protect him, violated his right to due process, recklessly endangered him, and failed to properly secure the housing area. Davis alleges that he has exhausted his

---

[1] Defendants Clyde Benson, Paul Gaspard, James Cooper, Robert Ewing, Ronnie Howard, James LeBlanc, and John Doe were dismissed on June 20, 2011 (Doc. 10).

administrative remedies. For relief, Davis asks for monetary damages, injunctive relief, medical expenses, costs, attorney fees, any other general and equitable relief, and a jury trial.

Defendant Cooper filed a motion to dismiss, pursuant to Fed.R.Civ.P. rule 12(b)(6), for failure to state a claim on which relief can be granted (Doc. 16), which was denied (Doc. 27), and Cooper and Ducote answered the complaint (Docs. 28, 32). Ducote also filed a motion to dismiss for failure to state a claim on which relief may be granted (Doc. 30) which was also denied (Doc. 40).

Cooper and Ducote next filed a motion for summary judgment supported by documentary evidence (Doc. 34). Defendants' motion for summary judgment is now before the court for disposition.

## Law and Analysis

### Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to

2

it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory

allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82 (1992).

Exhaustion

Defendants contend Davis' complaint should be dismissed for lack of exhaustion.

Section 1997e(a), as amended by the Prison Litigation Reform Act (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under Section 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). Also, Jones v. Bock, 549 U.S. 199, 211, 237 S.Ct. 910, 918-919 (2007); Days v. Johnson, 322 F.3d 863 (5th Cir. 2003); Clifford v. Gibbs, 298 F.3d 328, 330-331 (5th Cir. 2002); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Resort to a prison grievance process must precede resort to a court. Porter, 534 U.S. at 529, 122 S.Ct. at 990. Compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust. Jones, 549 U.S. at 218, 127 S.Ct. at 922-923.

Louisiana law provides for a two-step administrative remedy procedure, at LA ADC 22:I.325(G)(1), (2), Louisiana Adult

Administrative Remedy Services. The first step is a letter to the warden, stating the complaint, and the second step is an appeal to the secretary of the Department of Public Safety and Corrections.

In the case at bar, defendants show that Davis filed a first step administrative remedy (Docs. 1, 34), which the warden denied (Doc. 34), but failed to file a second step appeal. Davis has not responded to or in any way opposed defendants' motion for summary judgment. Therefore, defendants have shown that Davis failed to exhaust his administrative remedies.

Since there are no genuine issues of material fact which would preclude a summary judgment in favor of defendants, defendants' motion for summary judgment should be granted and Davis' complaint should be dismissed without prejudice for failure to exhaust his administrative remedies.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion for summary judgment be GRANTED and Davis' complaint be DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response

or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 17th day of September 2012.

---
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE